# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2944

_____

Earl Briant; Leona Briant,       *
                                      *

            Appellants,       *    Appeal from the United States
                                      *    District Court for the Western
   v.                          *    District of Missouri.
                                      *
Timpte, Inc.,                *         [UNPUBLISHED]
                                      *

            Appellee.       *

_____

Submitted: April 11, 2001

Filed: April 18, 2001

_____

Before BOWMAN and FAGG, Circuit Judges, and CARMAN,* Judge.

_____

PER CURIAM.

     Earl Briant was rendered a paraplegic when he fell from a hopper trailer designed, manufactured, and sold by Timpte, Inc. At the time of the accident, Briant was attempting to dislodge feed clogged inside the hopper. When other means failed, Briant climbed the ladder past a warning sign on the trailer's rear, took about four steps along the ten-inch wide ledge facing the hopper's interior, and put a sixteen to twenty

_____

     *The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

foot pole into the feed.  Briant asserts that when he did so, the feed suddenly shifted, causing the trailer to lurch and Briant to fall to the ground.  Briant and his wife brought an action against Timpte alleging strict liability, products liability, negligence, and loss of consortium.  Applying Missouri law in this diversity case, the district court[**] granted Timpte summary judgment, and the Briants appeal.  Viewing the evidence in the light most favorable to Briant, we agree with the district court that there is no genuine issue of material fact and Timpte is entitled to judgment as a matter of law.

The district court concluded Briant's strict liability and negligence claims failed as a matter of law because the trailer's instability was not within a juror's common knowledge and Briant failed to present expert testimony showing the trailer was defectively designed.  Briant argues Timpte's motion did not raise the expert requirement and expert testimony is not always necessary anyway.  Briant cannot claim the basis of the district court's ruling unfairly surprised him because the court simply examined whether Briant presented sufficient evidence that the trailer was unreasonably dangerous because of defective design, an essential element of his claim.  Like the district court, we conclude Briant did not present sufficient evidence to support his allegation the trailer was defective because of its unobvious tendency to lurch and move when certain loads were discharged.  Through expert testimony or otherwise, Briant failed to present facts from which a jury could reasonably conclude the trailer was unreasonably dangerous because of defective design.

The district court concluded Briant's failure-to-warn claim failed as a matter of law because Briant did not show additional warnings would have influenced his conduct. Briant argues Timpte's motion did not raise the issue of whether the warning would have altered his behavior.  In addressing this issue, however, the district court simply examined whether Briant presented sufficient evidence that the absence or

---

[**]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

inadequacy of the warnings caused Briant's injuries, an essential element of his claim. The failure-to-warn claim also fails because Briant did not produce evidence that the trailer was unreasonably dangerous, triggering a duty to warn of the dangerous condition.

In sum, the district court properly granted summary judgment to Timpte because Briant failed to produce sufficient evidence that the hopper trailer was unreasonably dangerous because of defective design or failure to warn. We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.